JON M. SANDS
Federal Public Defender
**JAY A. MARBLE**
Assistant Federal Public Defender
State Bar No. 021202
407 W. Congress, Suite 501
Tucson, AZ 85701-1355
Telephone: (520)879-7500
Attorney for Defendant
*jay_marble@fd.org*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR 13-01161-002-TUC-FRZ (JR) |
|---|---|
| Plaintiff, | |
| vs. | **MOTION IN LIMINE:** |
| Angela Marie Ewing, | **(To Preclude Improper Argument)** |
| Defendant. | |

Counsel on behalf of Defendant, Angela M. Ewing, pursuant to the Fifth Amendment (Due Process and Grand Jury clauses) and the Sixth (right to jury trial) Amendment, hereby requests a ruling on this Motion *in limine* pre-trial to prevent prejudice to the defendant at trial

RESPECTFULLY SUBMITTED:     February 6, 2014.

JON M. SANDS
Federal Public Defender

 */s/ Jay A. Marble*
**JAY A. MARBLE**
Assistant Federal Public Defender

ECF Copy to:

Ryan DeJoe, Assistant United States Attorney

Pamela Katzenberg, Attorney for Co-Defendant Macias

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Motion in Limine: Improper Argument not supported by law

Ms. Ewing, the defendant, asks this Court to preclude the Government from arguing at trial that Ms. Ewing's role in "the conspiracy as a currency smuggler is sufficient to sustain a conviction." Doc 55, p. 6. This argument is an improper statement of the law. *United States v. Perlaza*, 439 F.3d 1149, 1169-71 (9th Cir. 2006) (finding that prosecutor's misstatement of the law - telling the jurors that the presumption of innocence vanishes when you start deliberating, the presumption of guilt takes over - was reversible misconduct).

The Government has charged Ms. Ewing in a six-count indictment. Two of the counts in the indictment are conspiracy charges. Count 1 charges Ms. Ewing with Conspiracy to possess with intent to distribute heroin and methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Count 4 charges Ms. Ewing with conspiracy to unlawfully import heroin and methamphetamine in violation of 21 U.S.C. § 952(a), 21 U.S.C. § 960(a) and 21 U.S.C. § 963. Count 1, by law, requires the Government to establish beyond a reasonable doubt that the defendant knew of the purpose of the conspiracy and joined in the agreement with intent to further its unlawful object or purpose—possession with intent to distribute methamphetamine and heroin. Ninth Cir. Model Jury Instruction 9.19. As well, Count 4 requires the Government to prove beyond a reasonable doubt that Ms. Ewing conspired to unlawfully import methamphetamine and heroin. The Government must prove beyond a reasonable doubt that Ms. Ewing knew this was the object of the conspiracy and agreed to participate.

2

Simply arguing that Ms. Ewing agreed to smuggle U.S. currency into Mexico is "sufficient" is incorrect and prejudicial. This type of argument could persuade the jury that agreeing to participate in a *conspiracy to bulk cash smuggle* is sufficient to convict the defendant in a *conspiracy to possess with intent to distribute narcotic drugs* case or a *conspiracy to unlawfully import methamphetamine and heroin* case. This type of argument is improper since the objects of these conspiracies are different, and the agreements required to participate in each separate conspiracy are different. The Government should not be able to generally argue that agreeing to participate in a separate, uncharged conspiracy makes the defendant guilty, or is sufficient for the jury to find defendant guilty, of the conspiracies charged in the indictment. Such argument would violate Ms. Ewing's Fifth and Sixth Amendment rights to a fair trial and to a jury trial on all the required elements of the offense charged by the grand jury in the indictment.

RESPECTFULLY SUBMITTED:       February 6, 2014.

JON M. SANDS
Federal Public Defender

 */s/ Jay A. Marble*
**JAY A. MARBLE**
Assistant Federal Public Defender

ECF Copy to:

Ryan DeJoe, Assistant United States Attorney

Pamela Katzenberg, Attorney for co-defendant Reyna Macias