1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. CR 13-1161-TUC-CKJ |
| vs. | ) | |
| | ) | ORDER |
| Angela Marie Ewing, | ) | |
| Defendant. | ) | |

Pending before the Court is the Motion to Terminate Supervised Release Term (Doc. 170) filed by Defendant Angela Marie Ewing ("Ewing"). The government has not filed a response. This failure to file a response may be deemed a consent to the granting of the motion. *See* L.R.Civ. 7.2(I); L.R.Crim. 12.1(a) and 47.1.

Ewing asserts the interests of justice are served by an early termination of supervised release in this case. Ewing further asserts she is at a low risk to re-offend and that an early termination of supervised release will reduce the likelihood of recidivism in this case. Ewing also states she has no educational or vocational needs and no medical or housing concerns for which probation could assist. Lastly, Ewing states she has integrated well into her community and has achieved nearly six years of sobriety.

The Court may:

> after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

18 U.S.C. 3583(e)(1). These factors concern "'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency,'" as well as the need for restitution. *United States v. Sine*, No. CR-S-02-079 KJM, 2012 WL 1901298 *2 (E.D.Cal. 2012), (citations omitted). An offender has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n. 9 (9th Cir. 2006).

Federal "[c]ourts have generally held that something more than compliance with the terms of probation is required to justify early termination [pursuant to 18 U.S.C. § 3583(e)(1)]. Early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *United States v. Hawatmeh*, No. LA CR 08-00385-VBF-3, 2014 WL 11970544, at *4 (C.D. Cal. Sept. 19, 2014) (citations omitted). A defendant typically carries his burden "by alerting the district court to 'unforeseen' or 'changed circumstances' that implicate its initial sentencing decision and analysis." *United States v. Emmett*, 749 F.3d 817, 824 (9th Cir. 2014) (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)). Changed circumstances may include "exceptionally good behavior by the defendant" or other factors that "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Miller*, 205 F.3d at 1001 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997) ). Indeed, the Ninth Circuit has stated:

> A defendant's "exceptionally good behavior" may render a previously-imposed sentence inappropriate or too harsh, but as the district courts of our circuit have repeatedly recognized, mere compliance is to be expected. *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir.2000) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir.1997)); *United States v. Bauer,* No. 5:09–cr–00980, 2012 WL 1259251, at *2 (N.D.Cal. Apr. 13, 2012) (it is "apparent that the reasons cited by Defendant—compliance with release conditions, resumption of employment and engagement of family life—are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"); *United States v. Grossi*, No. CR–04–40127, 2011 WL 704364, at *2 (N.D.Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

*United States v. Emmett*, 749 F.3d 817, 824 n. 2 (9th Cir. 2014). Further, because § 3583(e)(1) includes "[t]he expansive phrases 'conduct of the defendant' and 'interest of

justice,'" it is "clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819.

Ewing has proficiently presented the facts and legal basis to support her request. Additionally, the probation officer has submitted a report to the Court regarding the request. The report indicates the probation officer does not object to the request. Indeed, Ewing has paid all of her assessments, been compliant, and has been moved to a low-intensity caseload. Additionally, Ewing appears dedicated to her recovery and well-being, has consistently participated in mental health treatment, and has submitted negative urine samples. An assessment has also determined she is at a low risk to commit future crimes.

Here, the Court considers the circumstances of the offense and Ewing's limited criminal history. The Court also considers Ewing's performance on supervised release, which demonstrates Ewing's exceptionally good behavior. Additionally, the Court finds an early termination is not inconsistent with policy statements of the Sentencing Commission.[1] The Court finds Ewing has met her burden to justify early an early termination of supervised release.

Accordingly, IT IS ORDERED:

1. The Motion to Terminate Supervised Release Term (Doc. 170) is GRANTED.
2. Angela Marie Ewing is discharged from supervised release and the proceedings in this case are terminated.

. . . . .

. . . . .

. . . . .

. . . . .

---

[1] "[T]he Commission has not promulgated any guidelines or policy statements addressing early termination of supervised release, but limited its policy guidance to violations of supervised release." *United States v. Harris*, 258 F. Supp. 3d 137, 145 (D.D.C. 2017) (citing U.S.S.G., Ch. 7, Pts. A & B).

3. The Clerk of Court shall mail a copy of this Order to Ewing at the return address as stated on the envelope in which the Motion to Terminate Supervised Release Term was enclosed.

DATED this 25th day of March, 2020.

_____
Cindy K. Jorgenson
United States District Judge